IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED
IN OPEN COURT

AUG 2 4 2016

CLERK, U.S. DISTRICT COURT
NEWPORT NEWS, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:16cr58 |
| | ) | |
| WILLIAM TYSON | ) | |
| | ) | |

## STATEMENT OF FACTS

If this matter were to proceed to trial, the United States of America would prove beyond a reasonable doubt, by competent and admissible evidence, the following facts:

1. The Federal Bureau of Investigation (FBI) is an agency within the Department of Justice of the United States and has jurisdiction to investigate crimes involving the sexual exploitation of children.

2. From on or about November 3, 2015 to November 26, 2015, an FBI Agent, on different dates, used internet-connected computers and launched programs to search for image and video files involving the sexual exploitation of children. Between on or about November 3, 2015 to November 26, 2015, the law enforcement official downloaded multiple files that contained images of child pornography from a certain IP address located in Hampton, Virginia.

3. A subsequent investigation found that all of the above-noted downloads came from a home located at an address on Teresa Drive in the City of Hampton.

4. WILLIAM TYSON (hereinafter "TYSON"), the defendant herein, resided at the address on Teresa Drive in the City of Hampton at the time of the downloads.



5. On April 12, 2016, FBI Special Agent Sullivan obtained a federal search warrant for the address on Teresa Drive in the City of Hampton.

6. On April 14, 2016, agents and Task Force Agents (TFAs) with the FBI, along with agents from the Department of Homeland Security (DHS), and officers from the Newport News Police Department and the Hampton Police Department, conducted a search of TYSON's residence pursuant to a lawfully obtained search warrant and seized a computer and other media storage items.

7. During the April 14, 2016 search, HSI Special Agent Paul Wolpert and FBI Special Agent Stacey Sullivan spoke with TYSON at his residence. TYSON was advised that a federal search warrant was being executed at his residence. TYSON was further advised of his *Miranda* rights. Following these advisements, TYSON agreed to speak with the agents.

8. TYSON told the interviewing agents, in sum and substance, that he had one laptop computer in his room and that this laptop was password protected. He provided the agents with the password to his laptop. He told the agents that no one else used his computer.

9. TYSON advised that he had downloaded the ARES peer-to-peer file sharing program to this computer and that he had used the ARES program to obtain images of child pornography. TYSON further advised that he first viewed child pornography in 2000 when he began to use ARES. TYSON further advised that he viewed child pornography sporadically for fifteen (15) years and began to use ARES again approximately six months before the execution of the search warrant.

10. TYSON advised that he used the search term "PTHC" which he had seen in the titles of pornography files he had downloaded and that he knew "PTHC" usually indicated the contents of the videos were primarily children engaged in sex acts. TYSON advised that he

renamed some of the child pornography files he downloaded from ARES and moved them back into ARES to share. TYSON stated that he was aware that terms such as "5yr" and "6yr" indicates the child in the file is underage.

11. TYSON stated that he uses a Samsung Galaxy S2 cellular phone and he provided agents with the password. HSI Special Agent Wolpert held TYSON's phone and TYSON walked through the applications (apps) and features on his phone. TYSON advised that he used the KIK app to find girls who are 13 and older. TYSON would ask girls to prove they were underage by sending him nude photos or videos of their genitals. TYSON stated that the videos sent to him by these girls showed him that they were clearly underage.

12. On or about June 3, 2016, Department of Justice Forensic Examiner, R. E. Jones completed a forensic analysis on the electronic media seized from the defendant's residence, including a Dell Inspiron laptop. Located on the defendant's Dell Inspiron laptop was the ARES file sharing program and twenty-seven (27) movies of child pornography, as defined in Title 18, United States Code, § 2256(2)(A)-(B) and (8) and the United States Sentencing Commission Guidelines.

13. The defendant's laptop computer that contained child pornography was manufactured outside the Commonwealth of Virginia.

14. The defendant's computer, throughout the time periods as delineated in the Indictment, had access to the Internet, which is an interconnected network of computers with which one communicates when online, and that this network crosses state and national borders.

15. The defendant admits that he knowingly received the following image that depicts child pornography, as detailed in Count 1 of the Indictment. Specifically, the defendant, WILLIAM TYSON, admits that on or about February 13, 2016, in the Eastern District of Virginia,

that he knowingly received material containing an image of child pornography as defined by 18 U.S.C. § 2256(8)(A), to wit: a movie entitled "vicky.mpg," depicting a female child engaging in sexually explicit conduct, specifically, actual and simulated oral-genital sexual intercourse by an adult male with a pre-pubescent female child. The defendant admits that the image had been mailed and shipped and transported in interstate and foreign commerce by any means, including by a computer. The defendant further admits that the image constitutes "child pornography," as defined in Title 18, United States Code, § 2256 (2)(A)-(B) and (8).

16. The events described occurred in the Eastern District of Virginia.

17. The defendant stipulates and agrees that his participation in the events described was undertaken knowingly, intentionally, and unlawfully and not as a result of an accident, mistake, or other innocent reason.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Megan M. Cowles
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between WILLIAM TYSON and the United States, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____       24 AUGUST 2016
WILLIAM TYSON                                            Date
Defendant

I am WILLIAM TYSON's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____       08/24/16
Kirsten R. Kmet                                             Date
Counsel for the Defendant